IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY and TRISURA INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>v.<br><br>ORION 180 INSURANCE SERVICES, LLC, et al.,<br><br>          Defendants. | Case No. CIV-24-1368-PRW |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Petition and Memorandum of Law in Support (Dkt. 32). This matter is fully briefed and now ripe for decision. For the reasons that follow, the Motion (Dkt. 32) is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

This case arises out of a contract dispute between the parties related to Defendants Orion 180 Insurance Services, LLC, Orion 180 Group Inc., Orion 180 Insurance Company, and Ken Gregg's activities surrounding an attempt to create a new insurance company, as well as Defendants' representations concerning important reinsurance, insurance-writing, and policy-transfer practices during the interim period before the new insurance company was created. Prior to this action, the parties' business activities were governed by a Program Administration Agreement (the "PAA") executed on April 15, 2019. The PAA laid out the terms of a homeowners insurance program in which the parties were engaged,

1

wherein Defendants would underwrite and administer homeowner's insurance policies on coastal properties in the Carolinas, Alabama, and Mississippi, which were issued on Plaintiffs Trisura Specialty Insurance Company and Trisura Insurance Company paper. In exchange, Defendants paid Plaintiffs fees for fronting the homeowner's insurance program. Further, Plaintiffs offset the risk of these policies underwritten by Defendants by contracting with third parties for reinsurance. Plaintiffs allege that they entered into an oral contract with Defendants that caused significant damage to Plaintiffs upon Defendants' breach. Accordingly, Plaintiffs brought this action in Oklahoma County District Court, alleging (1) Breach of Implied or Oral Contract, Ratification and Adoption and (2) Promissory Estoppel, Detrimental Reliance, and Unjust Enrichment against all Defendants and (3) Breach of Contract against Defendant Orion 180 Insurance Services LLC. After Defendants removed the action to this Court, the Court denied Plaintiffs' Motion to Remand (Dkt. 11). Defendants subsequently filed the present Motion (Dkt. 32).

### *Legal Standard*

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] While factual allegations are taken as true, a court need not

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

accept mere legal conclusions.³ "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough.⁴

## *Discussion*

I.  **The PAA forecloses Plaintiffs' breach of oral or implied contract claims against Defendants as a matter of law.**

The PAA is fully integrated and thus forecloses Plaintiffs' breach of oral or implied contract claims against Orion 180 Insurance Services, LLC, a signatory of the PAA. While Plaintiffs are correct that whether an oral or implied contract exists is a question of fact reserved for a jury,⁵ this Motion considers whether, even if an oral or implied contract existed, it would supersede the PAA. The Court finds, based on the PAA's text, that the answer is yes.

The PAA includes a no-oral-modification provision, which states that "[the PAA] may be amended, modified or supplemented only by a *written instrument* executed by all Parties."⁶ The PAA explicitly forbids oral modification of itself.⁷

The question then becomes whether the oral agreement alleged by Plaintiffs constitutes a separate agreement that the PAA does not trump. Here, the answer is no.

---

³ *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

⁴ *Id.*

⁵ *Manchester Pipeline Corp. Peoples Natural Gas. Co.*, 862 F.2d 1439, 1445 (10th Cir. 1988) (collecting cases).

⁶ PAA (Dkt. 1, Ex. 8), ¶9.06(a) (emphasis added).

⁷ PAA (Dkt. 1, Ex. 8), ¶9.06(b).

Plaintiffs allege in their Complaint that "Defendant Gregg also informed Trisura and all parties agreed that, with respect to the policies written on Trisura paper in the interim, the risk would be transferred to Orion 180 Insurance by novation or otherwise transferred from Trisura to the Orion Defendants through an acceptable risk transfer."[8] Further, Plaintiffs allege that "Defendants induced Trisura *to keep the Program and PAA running* in order to garner more time to set up their new business and have a seamless, uninterrupted transition."[9] Plaintiffs' own pleadings plainly show that the content of the alleged oral contract, then, covers identical subject matter to the PAA, for the alleged oral contract pertained to the continued operation of the underlying Program governed by the PAA until the PAA was terminated. Under Oklahoma law, "if an express contract between parties is established, a contract covering the identical subject cannot be implied, because an implied agreement cannot coexist with the express contract."[10] Further, the parties signed an Amendment to the PAA in June of 2022, a year after the alleged oral contract was made, and the Amendment includes a provision which states that "[e]xcept as amended hereby, the Agreement and the First Amendment shall remain in full force and effect, and the valid and binding obligation of the parties thereto."[11] Nowhere in the Amendment do the parties agree that there would be any change to the risk allocation of interim policies. Under

---

[8] Compl. (Dkt. 1, Ex. 1), ¶25.

[9] *Id.* at ¶33 (emphasis added).

[10] *Jones v. University of Cent. Oklahoma*, 910 P.2d 987, 990 (Okla. 1995).

[11] Second Amendment (Dkt. 32, Ex. 2), at 2.

Oklahoma law, pre-contract oral representations, such as those alleged by Plaintiffs, "are superseded by [] written agreements and may not be used to vary, modify, or contradict the terms of an executed written agreement."[12]

Plaintiffs still argue, though, that only Orion 180 Insurance Services, LLC, and Trisura were parties to the PAA, and thus the PAA would not foreclose enforcement of an oral or implied contract between Plaintiffs and the other Defendants. However, in their Complaint, Plaintiffs allege "Defendant Orion 180 Group is the parent company of the other Orion defendants."[13] Plaintiffs also allege that Defendant Gregg owns 75% of Orion 180 Group.[14] As Defendants point out, under Oklahoma law, applicable to both named parties and their privies, "the execution of a written contract supersedes all oral negotiations or stipulations concerning its terms and subject matter in the absence of accident, fraud or mistake of fact in its procurement, and any representations made are inadmissible to contradict, change or add to the terms of the written contract."[15] It seems plain that a member of the family of legal entities that contracted with Plaintiffs, with an owner who holds three-quarters of the parent company, is in privity with the contracting entity.

---

[12] *Phillips University Legacy Foundation, Inc. v. Charles H. Bentz Associates, Inc.*, Case no. CIV-09-408, 2013 WL 12086669, at *1 (W. D. Okla. Feb. 15, 2013) (internal citations omitted).

[13] Compl. (Dkt. 1, Ex. 1), ¶6.

[14] *Id.* at ¶5.

[15] *In re Continental Resources Corp.*, 799 F.2d 622, 626 (10th Cir. 1986) (collecting cases).

Accordingly, the Court finds that the PAA forecloses Plaintiffs' ability to bring their breach of oral or implied contract claims against Defendants because the PAA's terms and Oklahoma law prevent the enforcement of such an alleged contract from being formed between the parties.

## II. The PAA forecloses Plaintiffs' claims for promissory estoppel, Detrimental Reliance, and Unjust Enrichment.

"Generally, equitable remedies are not available when an adequate remedy at law exists, such as 'when an express enforceable contract regulates the relations of the parties with respect to the disputed issue.'"[16] As previously stated, the Court finds that the subject matter of the alleged oral contract between the parties covers the same subject matter as the PAA and its amendments. Accordingly, because an express enforceable contract exists, the Court cannot issue equitable relief.

## III. Plaintiffs have sufficiently stated a breach of contract claim against Defendant Orion 180 Insurance Services, LLC.

Plaintiff alleges that Defendant Orion 180 Insurance Services, LLC, breached the PAA when it failed to provide certain business records at Trisura's request, as required by the PAA, and when it failed to cancel policies as allowed under the PAA and applicable law. Defendants argue that Plaintiffs' pleadings are deficient because they do not adequately detail the damages resulting from Defendants' breach. The Court disagrees. While damages related to the failure to provide business records are speculative, alleging

---

[16] *McDonald's Corp. v. Dill Oil Company, LLC*, Case No. CIV-20-1306-SLP, 2021 WL 4494281, at *1 (W. D. Okla. Sept. 30,2021) (collecting cases).

substantial damages from the failure of Defendants to cancel policies as allowed by the PAA sufficiently meet the requirements of Rule 12(b)(6).[17] At this stage, Plaintiffs do not need a precise accounting of alleged damages, and Plaintiffs' allegations appear reasonable.

Defendants then argue that Plaintiffs' allegations of breach of the implied covenant of good faith and fair dealing are duplicative of the underlying breach of contract claim and should be dismissed. But under Oklahoma law, every contract "contains an implied duty of good faith and fair dealing,"[18] and Plaintiffs have pleaded a breach of contract claim. The Court declines to dismiss any part of Plaintiffs' breach of contract claim at this point.

*Conclusion*

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. Counts I and II are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 2nd day of December 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[17] *First Mortgage Company, LLC v. Strategic Mortgage Finance Group, LLC*, Case No. CIV-21-47-R, 2021 WL 3276605, at *3.

[18] *Wathor v. Mutual Assur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004).